UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-03267-MCS-JPR | Date February 24, 2025 |
| Title *Jane Doe et al. v. Aylo Holdings S.à.r.l., et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER ON DEFENDANTS' MOTION TO COMPEL AND DISMISS (ECF NO. 31) (JS-6)

Defendants Aylo Holdings S.à.r.l., Aylo Freesites Ltd, Aylo USA Incorporated, Aylo Global Entertainment Inc., 9219-1568 Quebec Inc., Toqon, LLC, Aylo Billing Limited, Aylo Billing US Corp., and Aylo CY Holdings LTD (now known as Aylo Group Ltd) (collectively, "Defendants") move to compel arbitration of Plaintiff Jane Doe's claims or, in the alternative, move to dismiss the complaint for failure to state a claim and lack of personal jurisdiction over foreign Defendants. (Mot., ECF No. 31.) Plaintiff opposed the motion, (Opp'n, ECF No. 32), and Defendants replied, (Reply, ECF No. 34). The Court heard oral argument on November 4, 2024. (Mins., ECF No. 37.)

I.   BACKGROUND

This is a putative class action alleging wrongful disclosure of personal data of viewers of pornographic videos by the operators of the website Pornhub. Defendants are a group of interrelated companies that together operate Pornhub, an internet platform serving pornographic video content. (Compl. ¶¶ 1–3, ECF No. 1.) Plaintiff is an individual who has viewed videos on Pornhub through her premium account since 2019. (*Id.* ¶ 7.) Plaintiff alleges that Defendants have impermissibly shared her

personal user data with a third party, Google. (*Id*.) On behalf of herself and others similarly situated, Plaintiff brings one claim for violation of the Video Privacy Protection Act, 18 U.S.C. § 2710. (*Id*. ¶¶ 47–65.)

Pornhub's terms of service include an arbitration clause, pursuant to which Plaintiff initiated an arbitration demand with the American Arbitration Association ("AAA") on July 26, 2023. (*Id.* ¶¶ 31–33.) The AAA initiated the arbitration on September 6, 2023, and sent a letter to the parties opening the case and informing Defendants of their obligation to pay fees totaling $675.00. (*Id.* ¶¶ 31–35.) The letter from AAA explicitly noted, "As this arbitration is subject to California Code of Civil Procedure section 1281.97, payment must be paid by October 6, 2023 or the AAA will close the parties' case." (Lisy Decl. Ex. B, at 29, ECF No. 31-4 (emphasis removed).) The letter continued that under "section 1281.97, the AAA cannot grant any extensions to this payment deadline." (*Id*. (emphasis removed).) On September 26, the AAA sent a follow-up letter to both parties, notifying them that it had not yet received Defendants' fee payment. (Compl. ¶¶ 35–36; Lisy Decl. Ex. C, at 32, ECF No. 31-5.) On October 11, 2023, AAA administratively closed the case because Defendants had not paid the required fees. (Compl. ¶¶ 37–38; Lisy Decl. Ex. D, at 35, ECF No. 31-6.) Following this notification, Plaintiff filed suit in this Court.

Defendants seek to compel arbitration and stay this case. (Mot. 6–12.) Defendants argue that section 1281.97 is preempted by the Federal Arbitration Act ("FAA"). (*Id.* at 6–10.) At oral argument, Defendants also averred inadvertence, attributable to receiving the letter from AAA too late to timely comply, owing in part to their headquarters' location in Cyprus.

## II.   LEGAL STANDARD

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Generally, a court's role is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam*, 537 U.S. at 84). "However, these gateway issues can be expressly delegated to the arbitrator where the parties *clearly and unmistakably* provide otherwise." *Id*. (internal quotations and citations omitted).

### III.   DISCUSSION

The parties agree that Pornhub subscribers are subject to terms and conditions that require them to attempt to resolve disputes, including the ones at issue in this action, with Defendants through arbitration. The primary question the parties debate is whether Defendants waived their right to arbitrate when they failed to pay certain fees within the timeframe required by California state law.

Plaintiff asserts that Defendants "waived [their] right to arbitrate . . . by failing to timely pay the arbitration initiation fees as required by" California Code of Civil procedure section 1287.97. (Compl. ¶ 43.) According to Plaintiff, Defendants drafted the contract requiring binding arbitration, failed to pay their portion of the arbitration fees within 30 days, and the AAA terminated the arbitration proceedings. (*Id*. ¶¶ 31–44.)

Defendants argue that their failure to pay fees and engage in the arbitration did not constitute a waiver of their rights because section 1281.97 is preempted by the FAA. (Mot. 6–10.) Defendants also argue that any theory of common law breach or waiver arising from their failure to timely respond to AAA's payment demand ought to be submitted to the arbitrator. (*Id*. at 10–12.) Plaintiffs respond that section 1281.97 is not preempted by the FAA and that the Court should find Defendants have waived their right to arbitrate. (Opp'n 3–10.)

But the Court must first confront a threshold question: does the Court have the authority to consider the effect of Defendants' failure to timely pay, or must that question be addressed by an arbitrator? The parties contest whether questions of breach, default, or waiver were delegated to the arbitrator without addressing whether the question of preemption was, too. (*See* Mot. 10–11; Opp'n 9–10.)

"[A]rbitration is fundamentally a matter of contract . . . ." *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011). Accordingly, while "gateway issues of

arbitrability presumptively are reserved for the court, . . . parties may agree to delegate them to the arbitrator," *id.*, so long as "there is clear and unmistakable evidence that they did so," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (cleaned up).

Defendants argue that the parties incorporated the AAA rules into the arbitration agreement, which constitutes clear and unmistakable intent to delegate gateway issues to the arbitrator. (Mot. 10.) Plaintiff does not address whether the agreement incorporates the AAA rules. Based on the Court's review of the terms of service, the Court finds that it does. (*See* Lisy Decl. Ex. A, at 24, ECF No. 31-3 ("All controversies, claims, counterclaims, or other disputes arising between you and us or you and a third-party agent of ours (each a 'Claim') shall be submitted for binding arbitration in accordance with the Rules of the American Arbitration Association ('AAA Rules').").) The Ninth Circuit has held that incorporating the rules of an arbitral body like the AAA that provide for delegation "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130. Because the Court finds that this constitutes clear and unmistakable evidence, the Court does not address the parties' arguments as to whether the express language in the terms of service providing for delegation demonstrates the same. (*See* Lisy Decl. Ex. A, at 24.)

The parties do not address whether the issue of section 1281.97's preemption is similarly delegated to the arbitrator. However, in an unpublished decision, a Ninth Circuit panel determined a party's argument for withdrawal from arbitration based on the other's violation of section 1281.97 fell "squarely within the scope of the delegation clause, and . . . should have been left to the arbitrator to decide." *See Dekker v. Vivint Solar, Inc.*, No. 20-16584, 2021 WL 4958856, at *1 (9th Cir. Oct. 26, 2021). In the Court's view, this reasoning extends to the situation here, where one party argues for a section 1281.97 waiver and the other responds that federal law preempts the argument.

Plaintiff argues that "[e]ven if questions of breach, default, and waiver had been delegated . . . , this Court must still decide whether [Defendants] waived its right to enforce the Agreement's delegation clause." (Opp'n 8.) Plaintiff correctly notes that delegation clauses are subject to state law contract defenses such as waiver. (*Id.*) But her argument that Defendants waived their right to enforce the delegation clause by failing to comply with section 1281.97 is unavailing. The court's decision in *Mesachi v. Postmates Inc.*, No. 3:20-CV-07028-WHO, 2021 WL 736270 (N.D. Cal. Jan. 8, 2021), is instructive. There, the court addressed an

argument by plaintiff that waiver "would invalidate the *entire* agreement to arbitrate, *including* the delegation clause." *Id*. at *5 (internal quotation marks omitted). Plaintiff here argues similarly that "section 1281.97 applies to the delegation clause the same as any other arbitration provision." (Opp'n 8 (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67–70 (2010)).) But this is "precisely the type of challenge[] that *Rent-A-Center* rejected." *Mesachi*, 2021 WL 736270 at *5. "[U]nless [Plaintiff] challenged the delegation provision specifically, [the Court] must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to . . . the Agreement as a whole for the arbitrator." *Rent-A-Center*, 561 U.S. at 72. Here, Defendants' failure to comply with section 1281.97 forms the basis of Plaintiff's argument that Defendants waived their right to arbitration generally. (Opp'n 3–5.) Thus, Plaintiff's "attacks are not against only the delegation provision specifically, they are against the arbitration agreement as a whole." *Mesachi*, 2021 WL 736270, at *5.

Under these circumstances, the Court declines to decide legal questions about the application or preemption of section 1281.97, breach, or waiver, as the arbitrator must decide those issues in the first instance.

## IV. CONCLUSION

The Court grants Defendant's motion to compel arbitration and denies without prejudice Defendant's motion to dismiss. The Court orders the parties to submit this action to arbitration within 30 days pursuant to the terms of the arbitration agreement. *See* 9 U.S.C. § 5. The case is stayed pending resolution of the arbitration. *See* 9 U.S.C. § 3. The Court directs the Clerk to remove the case from the Court's active caseload until further application by the parties or order of this Court. The parties shall file a joint status report within 120 days, and a further report every 120 days thereafter. Each report must state on the cover page the date the next report is due. Additionally, the parties must notify the Court within seven days of the conclusion of arbitration proceedings.

**IT IS SO ORDERED.**